MARY CLOHESY, BY DAVID B. CLOHESY, NEXT FRIEND; DAVID B. CLOHESY, INDIVIDUALLY; DAVID J. CLOHESY, BY DAVID B. CLOHESY, NEXT FRIEND; AND LUCY CLOHESY, PLAINTIFFS, v. RICHARD ROUTH, ANTHONY PETERS, NEW YORK AND NEW BRUNSWICK AUTO EXPRESS COMPANY, AND JOHN CONOVER, DEFENDANTS.

Submitted May term, 1931—Decided October 13, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the plaintiffs, *Harry A. Stiles.*

For the defendants, *Edwards, Smith & Dawson* (*Edwin F. Smith,* of counsel).

PER CURIAM.

The whole contention in this case on defendants' rule to show cause is that the damages are excessive as to three of the plaintiffs and we think the contention is well founded. The actions arose out of an automobile accident and verdicts were rendered, $5,000 in favor of Mary Clohesy, $5,000 in favor of Lucy Clohesy, and $2,000 to David B. Clohesy, husband of Lucy. Mary is a young girl of twelve years. She had a fracture of the right arm, and was taken to a hospital and remained there one month. There was a good union and no permanent injury. It is true that she testified to considerable suffering at the time of the injury and subsequently thereto as the arm seems to have been set without an anesthetic being used, and she was inconvenienced because of having the arm kept in a cast for six weeks. We think, however, that the verdict is much too large. If she will accept a reduction to $2,000, the rule will be discharged; otherwise, it will be made absolute.

As to Lucy Clohesy: She complained of having received injuries to the hip and back which resulted in a nervous irritability and pain. Her own physician testified that he could find no marks except a few bruises on the small of the back and on one hip. The woman was a very large person and had had a previous history of nervous breakdown, and knowledge of this was attempted to be suppressed by her husband on the stand. The woman, herself, was not called as a witness. The verdict in her favor should not exceed $2,500. If this amount is accepted the rule in her case will be discharged; otherwise, it will be made absolute.

The verdict of $2,000 in favor of David B. Clohesy, husband of Lucy, is also excessive. His claim was for expenses in the treatment of his wife and for loss of her services. In view of the limited justifiable allowance to the wife and the meagre credible evidence of his own loss, we think $1,000 ample. If he will accept this sum the rule in his case will be discharged; otherwise it will be made absolute.